■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO ZEOLI, Appellant. [649 NYS2d 349] —Yesawich Jr., J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered April 28, 1995, which resentenced defendant following his conviction upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

Previously, this Court determined, inter alia, that defendant should have been accorded a hearing on his challenge to the constitutionality of his 1982 felony conviction (212 AD2d 935, lv denied 85 NY2d 916) and remitted the matter to County Court to hold such hearing. That hearing has been held, and County Court has found that defendant failed to overcome the burden of proving that this conviction was unconstitutionally obtained and resentenced him as a second felony offender. The original sentence, an indeterminate term of $3^1/2$ to 7 years' incarceration, was allowed to stand and defendant appeals. We affirm.

The applicable criminal procedure law (CPL 400.21 [7] [b]), and controlling precedent (People v Harris, 61 NY2d 9), squarely place the burden "upon the defendant to allege and prove the facts underlying the claim that [his] conviction was unconstitutionally obtained" (supra, at 15; see, People v Robare, 226 AD2d 837, 838). Defendant has simply failed to carry his burden. Nothing in the remittal hearing transcript manifests that defendant's 1982 guilty plea was other than knowingly, voluntarily and intelligently made. When asked specific questions regarding that plea allocution, defendant professed neither to know nor remember what occurred at that time. As for the purportedly supportive testimony of defendant's brother, who pleaded guilty in 1982 together with defendant, it adds not one iota to defendant's claim. Furthermore, the transcript of the plea proceeding, though seemingly essential to defendant's case, is lacking from his proof on the issue.

And, although defendant suggests otherwise, we are of the view that County Court's decision complied with the statutory

mandate that it "make a finding as to whether or not the defendant has been subjected to a predicate felony conviction" (CPL 400.21 [7] [c]), and further that no extraordinary circumstances exist warranting the disturbance of the court's sentence (*see, People v Simoens*, 159 AD2d 818, 820, *lv denied* 76 NY2d 743; *People v Mackey*, 136 AD2d 780, *lv denied* 71 NY2d 899).

Mikoll, J. P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.