■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUISE H. BERARDO, Appellant. [676 NYS2d 693] —White, J. Ap-

peal from a judgment of the County Court of Columbia County (Czajka, J.), rendered January 29, 1997, convicting defendant upon her plea of guilty of the crime of burglary in the third degree.

On August 12, 1996, after having waived indictment, defendant entered a plea of guilty to a single count of burglary in the third degree contained in a superior court information with the understanding that the People would recommend a sentence of five years' probation. Upon receipt of the presentence report, the attorneys and County Court became aware for the first time of defendant's prior felony conviction in Connecticut of the crime of arson in the third degree.* Defendant was thereafter arraigned on a predicate felony statement which defendant contested on the ground that it was unconstitutionally obtained in violation of her 6th Amendment rights due to the fact that she and her husband were represented by the same attorney. Following the hearing pursuant to CPL 400.21, County Court denied the motion and defendant was sentenced as a second felony offender to a prison term of 2 to 4 years. This appeal followed.

CPL 400.21 (7) (b) and the controlling case law "squarely place the burden 'upon the defendant to allege and prove the facts underlying the claim that [her] conviction was unconstitutionally obtained'" (*People v Zeoli*, 232 AD2d 818, *lv denied* 89 NY2d 989, quoting *People v Harris*, 61 NY2d 9, 15). Defendant supports her claim with the plea minutes of the Connecticut conviction which show that the Connecticut court failed to ascertain her awareness that her attorney's joint representation created a potential conflict of interest and did not determine whether she consented to his further representation (*see, People v Gomberg*, 38 NY2d 307, 313-314). Standing alone, this proof does not establish a constitutional violation as it must also be shown that the attorney's "potential conflict 'operated' to the defendant's detriment and bore a 'substantial relationship to the conduct of [her] defense'" (*People v Hok Ming Chan*, 91 NY2d 913, 918, quoting *People v Recupero*, 73 NY2d 877, 879; *see, People v Hunt*, 227 AD2d 568). Defendant has not made this showing as she has failed to persuasively identify different theories or tactics that her Connecticut attorney should have pursued on her behalf (*see, People v Recupero, supra*, at 879). Moreover, the record contains no evidence of a causal connection between her husband's claimed spousal

* This October 1986 conviction stemmed from a 1982 fire set in a pet store operated by defendant and her husband. Both defendant and her husband made *Alford* pleas and were given probationary sentences.

abuse and defendant's guilty plea to the arson charge. Therefore, we find no reason to disturb County Court's decision to sentence defendant as a second felony offender.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.