STATE of Wisconsin, Plaintiff-Respondent,†

v.

David M. HAHN, Defendant-Appellant.

Supreme Court

*No. 99–0554–CR. Oral argument September 7, 2000.—Decided November 1, 2000.*

2000 WI 118

(Also reported in 618 N.W.2d 528.)

†Motion for reconsideration denied February 9, 2001. See per curiam decision published in 241 Wis. 2d 85.

890

For the defendant-appellant there were briefs by *Steven G. Bauer* and *Law Offices of Steven G. Bauer*, Brownsville, and oral argument by *Steven G. Bauer*.

For the plaintiff-respondent the cause was argued by *Christopher G. Wren*, assistant attorney general, with whom on the brief was *James E. Doyle*, attorney general.

¶ 1. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE. This is an appeal from a judgment of the Circuit Court for Winnebago County, Robert A. Haase, Circuit Court Judge. The appeal is here on certification from the court of appeals. Wis. Stat. (Rule) § 809.61 (1995–96).[1]

¶ 2. The defendant, David M. Hahn, appeals his sentence of life in prison without the possibility of parole under Wisconsin's persistent repeater statute, Wis. Stat. § 939.62(2m) (1997–98), commonly known as Wisconsin's "three strikes" law. The statute provides for mandatory life imprisonment for offenders convicted of committing for a third time a statutorily specified "serious offense." The statute in issue is silent about whether the offender may challenge the validity

[1] All subsequent references to the Wisconsin Statutes are to the *1995–96 volumes unless otherwise indicated.* Section 939.62(2m) was modified by the legislature by 1997 Wis. Act 326.

of a prior conviction at the enhanced sentence proceeding.

¶ 3.   Two questions of law are presented in this case.[2] The first is whether the U.S. Constitution requires that an offender be permitted during an enhanced sentence proceeding predicated on a prior conviction to challenge the prior conviction as unconstitutional because the conviction was allegedly based on a guilty plea that was not knowing, intelligent, and voluntary. The circuit court concluded that it had the power to examine the validity of the prior conviction on these grounds but was not required to do so.

¶ 4.   We conclude that an offender does not have a federal constitutional right to use the enhanced sentence proceeding predicated on a prior state conviction as the forum in which to challenge the prior conviction, except when the offender alleges that a violation of the constitutional right to a lawyer occurred in the prior state conviction.[3] We further conclude, as a matter of judicial administration, that an offender may not use the enhanced sentence proceeding predicated on a prior conviction as the forum in which to challenge the prior conviction, except when the offender alleges that a violation of the constitutional right to a lawyer occurred in the prior state conviction. Because the defendant in the present case does not allege that a violation of his constitutional right to a lawyer occurred in the prior conviction, he may not challenge

[2] Both questions of law are determined by this court independently of the circuit court, although we benefit from the analyses of the circuit court.

[3] The Sixth Amendment to the U.S. Constitution guarantees the assistance of counsel. That amendment is made applicable to the states by virtue of the Fourteenth Amendment. *Gideon v. Wainwright*, 372 U.S. 335 (1963).

his 1994 conviction during this 1997 persistent repeater proceeding.

¶ 5. The second question of law presented is whether the persistent repeater penalty enhancer as applied to the defendant violates the Eighth Amendment to the U.S. Constitution prohibiting cruel and unusual punishment. For the reasons set forth, we reject the defendant's Eighth Amendment challenge to Wisconsin's persistent repeater statute, Wis. Stat. § 939.62(2m).

I

¶ 6. The relevant facts in this case are undisputed. In 1997, the Winnebago County district attorney charged the defendant under Wis. Stat. § 948.02 with two counts of sexual assault on a child. Because the defendant had two prior felony convictions for sexual assault on a child, he was subject to a life sentence without the possibility of parole under Wis. Stat. § 939.62(2m). Both prior convictions were based on the defendant's guilty pleas, the first in 1990 and the second in 1994. During the 1997 persistent repeater proceeding, the defendant sought to reopen the 1994 conviction on the grounds that his plea was not knowing, intelligent, and voluntary because the circuit court failed to inform him that the conviction could serve as a "strike" offense under the "three strikes" law. During the 1997 proceeding, the circuit court denied the defendant's motion to strike his 1994 conviction, holding that the circuit court's failure to inform the defendant during his 1994 guilty plea that the resulting conviction could later be used to sentence him as a persistent repeater did not render his guilty plea invalid.

¶ 7. The defendant pled guilty to the 1997 offenses and, on the basis of his prior convictions, was sentenced as a persistent repeater to life in prison without the possibility of parole under Wis. Stat. § 939.62(2m). The defendant appealed, arguing that the circuit court's denial of his motion to strike the 1994 conviction violated his due process rights and that his life sentence violated the Eighth Amendment's prohibition against cruel and unusual punishment. We address each issue in turn.

II

¶ 8. The defendant contends that the circuit court erred by failing to strike the 1994 conviction because his guilty plea was not knowing, intelligent, and voluntary and therefore did not satisfy federal constitutional due process requirements. The defendant relies on *State v. Baker*, 169 Wis. 2d 49, 485 N.W.2d 237 (1992), in which the offender was permitted to challenge a prior conviction in an enhanced sentence proceeding predicated on the prior conviction on the ground that the guilty plea in the prior conviction was not knowing, intelligent, and voluntary.

¶ 9. The State argues that this court should revisit its holding in *Baker* in light of *Custis v. United States*, 511 U.S. 485 (1994), a U.S. Supreme Court decision rendered after the *Baker* decision. The State contends that the U.S. Supreme Court held in *Custis*, in contrast to this court's holding in *Baker*, that only a prior conviction that violates an offender's constitutional right to a lawyer may be challenged during an enhanced sentence proceeding predicated on the prior conviction.

¶ 10. We therefore examine *State v. Baker*, 169 Wis. 2d 49, and *Custis v. United States*, 511 U.S. 485.

¶ 11. In *Baker*, the offender used the enhanced sentence proceeding in a conviction for operating after revocation of a license to challenge two prior operating-after-revocation convictions that the State sought to apply for sentencing enhancement purposes. The offender challenged one of the convictions because the plea was allegedly not knowing, intelligent, and voluntary. *Baker*, 169 Wis. 2d at 58. The offender challenged the other conviction because the State allegedly obtained the conviction in violation of his constitutional right to a lawyer. *Baker*, 169 Wis. 2d at 58.

¶ 12. The *Baker* court relied on *Burgett v. Texas*, 389 U.S. 109 (1967), and its progeny to allow the offender to challenge both convictions.

¶ 13. *Burgett* had considered whether prior convictions rendered without the assistance of counsel could be used to enhance sentences for subsequent offenses. The *Burgett* court disallowed the use of a prior conviction in an enhanced sentence proceeding predicated on the prior conviction when the prior conviction violated *Gideon v. Wainwright*, 372 U.S. 335 (1963). The *Burgett* court declared that such a use of the prior conviction was inherently prejudicial, amounted to a new denial of the right to counsel, and should be prohibited. *Burgett*, 389 U.S. at 115–16.

¶ 14. In *Baker*, this court was faced with the question of whether to extend the holding of *Burgett* to prior convictions allegedly obtained in violation of a constitutional right other than the *Gideon* right to a lawyer. The case law was largely unsettled at that time, but a number of jurisdictions had applied the *Burgett* rule to a prior conviction allegedly obtained in violation of a constitutional right other than the right

to a lawyer.[4] The *Baker* court acknowledged, however, that "[s]ome courts have confined the application of *Burgett* to convictions invalid under *Gideon [v. Wainwright*, 372 U.S. 335 (1963)].*"[5] Baker*, 169 Wis. 2d at 69.

¶ 15.  The *Baker* court determined that the decision in *Burgett* rested on the principle that a prior conviction may not be used in an enhanced sentence proceeding predicated on a prior conviction if the prior conviction was allegedly obtained in violation of a constitutional right that would affect the reliability of the prior conviction. *Baker*, 169 Wis. 2d at 70. The *Baker* court viewed the question of whether a guilty plea was knowing, intelligent, and voluntary as one that affected the reliability of a conviction. As a result, the *Baker* court concluded that federal constitutional law prohibited a circuit court from using a prior conviction in an enhanced sentence proceeding predicated on a prior conviction when the prior conviction was based on a guilty plea that was not knowing, intelligent, and voluntary. *Baker*, 169 Wis. 2d at 71.

¶ 16.  After *Baker*, the U.S. Supreme Court clarified the *Burgett* decision in *Custis v. United States*, 511 U.S. 485 (1994). In *Custis*, the offender asserted ineffective assistance of counsel as a challenge to the validity of a prior state conviction that was used in the offender's federal enhanced sentence proceeding under

---

[4] For examples of jurisdictions that extended *Burgett v. Texas*, 389 U.S. 109 (1967), to forbid the use of convictions obtained in violation of other constitutional rights, see *Baker v. State*, 169 Wis. 2d 49, 70 n.9, 485 N.W.2d 237 (1992).

[5] For examples of jurisdictions that narrowly construed *Burgett v. Texas*, 389 U.S. 109 (1967), to include only alleged violations of the right to a lawyer, see *Baker*, 169 Wis. 2d at 69 n.8.

896

the federal Armed Career Criminal Act. The Armed Career Criminal Act is silent about the means for challenging prior convictions. The *Custis* court concluded that the U.S. Constitution does not require that an offender be given an opportunity to challenge a prior state conviction in a federal enhanced sentence proceeding predicated on the prior state conviction unless the offender asserts the state conviction was obtained in violation of the offender's constitutional right to a lawyer. The *Custis* court thus expressly limited its holding in *Burgett* to instances in which an offender asserts the conviction was allegedly obtained in violation of an offender's constitutional right to a lawyer. *Custis*, 511 U.S. at 496. Relying on long-established case law that a violation of the constitutional right to the assistance of counsel is "a unique constitutional defect," the *Custis* court concluded that other constitutional violations do not merit the same treatment under *Burgett*. *Custis*, 511 U.S. at 496.[6]

---

[6] For other states interpreting *Custis v. United States*, 511 U.S. 485 (1994), as we do, see *Colorado v. Padilla*, 907 P.2d 601 (Colo. 1995); *Kansas v. Chiles*, 917 P.2d 866 (Kan. 1996); *McGuire v. Kentucky*, 885 S.W.2d 931 (Ky. 1994); *State v. Janes*, 684 A.2d 499 (N.H. 1996).

*Custis* does not bar states from allowing offenders to challenge prior state convictions in state enhanced sentence proceedings. New York courts, for example, continue to allow offenders charged as persistent repeaters to challenge unconstitutional prior state convictions in the repeater proceeding. *See, e.g., People v. Zeoli*, 232 A.D.2d 818 (N.Y. App. Div. 1996) (trial court was required to hear offender's claim that prior plea was not knowing and intelligent, but the offender failed to meet his burden of proof). However, these challenges have a statutory basis. *See* N.Y. CRIM. PROC. LAW § 400.21.7(b) (Consol. 2000) ("A previous conviction in this or any other jurisdiction which was obtained in violation of the rights of the defendant under

¶ 17.  The *Custis* court read the federal constitutional rights of an offender to challenge a prior state conviction in a federal enhanced sentence proceeding more narrowly than did the Wisconsin supreme court in *Baker*. Accordingly, we conclude that *Baker* should be limited to adhere to *Custis*: In an enhanced sentence proceeding predicated on a prior conviction, the U.S. Constitution requires a trial court to consider an offender's allegations that the prior conviction is invalid only when the challenge to the prior conviction is based on the denial of the offender's constitutional right to a lawyer.

¶ 18.  Accordingly, we conclude that the defendant in the present case has no federal constitutional right in his 1997 third strike proceeding as a persistent repeater under Wis. Stat. § 939.62(2m) to challenge the use of a prior conviction allegedly based on a guilty plea that was not knowing, intelligent, and voluntary.[7]

the applicable provisions of the constitution of the United States must not be counted in determining whether the defendant has been subjected to a predicate felony conviction"). The defendant in the present case asserts no statutory basis for his challenge.

[7] In so holding, this court joins several other jurisdictions that have had to scale back *Burgett v. Texas*, 389 U.S. 109, protections in light of *Custis v. United States*, 511 U.S. 485 (1994). *See, e.g., United States v. Cordero*, 42 F.3d 697, 701 (1st Cir. 1994) (prior case law about challenging prior convictions during enhanced sentence proceedings is no longer valid precedent after *Custis*); *United States v. Killion*, 30 F.3d 844, 846 (7th Cir. 1994) (because *Custis* describes the rule governing a challenge to a prior conviction during an enhanced sentence proceeding in narrower terms than existing Seventh Circuit case law, "[i]t may well be, therefore, that *Custis* has limited the exception that we carved out"); *United States v. Davis*, 36 F.3d 1424, 1438 (9th Cir. 1994) (*Custis* "seriously undermines the

¶ 19. The defendant argues that *Custis* is a forum case based on considerations of federalism and administrative convenience and that we should not alter our *Baker* decision.[8] The defendant contends that *Custis* applies only to an enhanced sentence proceeding in a federal court in which a challenge is made to a prior state conviction. Unlike *Custis*, the defendant argues, this case involves a challenge to a prior state conviction in a subsequent state enhanced sentence proceeding.

¶ 20. In its final paragraph, the *Custis* court addressed whether an offender who was barred from challenging a prior state conviction in a federal enhanced sentence proceeding could challenge the predicate state conviction by another means. The U.S. Supreme Court stated:

---

validity" of existing case law allowing an offender to challenge a prior conviction during an enhanced sentence proceeding).

[8] *See, e.g., Nichols v. United States*, 511 U.S. 738, 766, 114 S.Ct. 1921, 1937 (1994) (Ginsburg, J., dissenting) ("The issue [in *Custis v. United States*, 511 U.S. 485] was where, not whether, the defendant could attack a prior conviction for constitutional infirmity.").

For discussions of *Custis v. United States*, 511 U.S. 485 (1994), and the contradictory aspects of the opinion regarding a substantive limitation on the challenge to a state conviction in a federal enhanced sentence proceeding and the forum and federalism issues in challenging a state conviction in a federal enhanced sentence proceeding, see, *e.g.,* Alan C. Smith, Note, *More Than a Question of Forum: The Use of Unconstitutional Convictions to Enhance Sentences Following Custis v. United States*, 47 Stan. L. Rev. 1323 (1995); Barry W. Strike, Note, *Custis v. United States: Are Unconstitutional Prior Convictions Being Used to Increase Prison Terms?*, 25 Golden Gate U. L. Rev. 267 (1995).

> We recognize. . .that Custis, who was still "in custody" for purposes of his state convictions at the time of his federal sentencing under § 924(e), may attack his state sentences in Maryland or through federal habeas review. . . .If Custis is successful in attacking these state sentences, he may then apply for reopening of any federal sentence enhanced by the state sentences. We express no opinion on the appropriate disposition of such an application.[9]

[9] *Custis*, 511 U.S. at 497. This language has been subject to conflicting interpretations by federal courts of appeals. *See, e.g., United States v. Clark*, 203 F.3d 358 (5th Cir. 2000) (offender who was no longer in custody for state conviction never obtained ruling that state conviction was invalid; court allows challenge to a prior state conviction in federal court under 28 U.S.C. § 2255); *Smith v. United States*, 213 F.3d 291 (6th Cir. 2000), rehearing en banc granted, opinion vacated by 213 F.3d 297 (6th Cir. 2000) (offender did not challenge state conviction in state court but claimed no reasonable access to review constitutionality of state convictions; court denied relief; result compelled by existing Sixth Circuit case law, *Turner v. United States*, 183 F.3d 474 (6th Cir. 1999), in the absence of en banc review; en banc review granted); *Pack v. Yusuff*, 218 F.3d 448 (5th Cir. 2000) (applying Sixth Circuit rule that offender challenging prior state conviction must first have prior convictions vacated either through state proceedings or § 2254 proceeding and then return to challenge federal sentence before the sentencing court); *Ryan v. United States*, 214 F.3d 877 (7th Cir. 2000) (offender failed to exhaust state remedies and lost them; court interprets *Custis* to disallow collateral attack under 28 U.S.C. § 2255 "as long as convictions remain undisturbed"; divided court denied relief); *United States v. Daniels*, 195 F.3d 501 (9th Cir. 1999) (court denied federal habeas review of state conviction in a § 2255 proceeding unless the offender who either has not challenged state conviction or was unsuccessful in the challenge raises a Gideon claim).

¶ 21.  Thus the U.S. Supreme Court expressly left open the possibility that an offender may challenge a prior state conviction in a state court proceeding or in a federal habeas proceeding and then, if successful, apply to reopen his enhanced federal sentence. Custis, 511 U.S. at 497. The Custis decision does not appear to alter an offender's right to challenge in a state court an enhanced sentence based on an unconstitutional prior state conviction.

¶ 22.  The issue then becomes whether this court should, as a matter of judicial administration rather than as a matter of federal constitutional right, allow an offender to challenge a prior state conviction in an enhanced sentence proceeding on grounds other than an alleged violation of the constitutional right to a lawyer, or whether this court should require an offender to

The State has advised this court that the U.S. Supreme Court has granted a petition for a writ of certiorari in *Daniels v. United States*, No. 99–9136, — U.S. — (2000), to review the Ninth Circuit's decision in *United States v. Daniels*, 195 F.3d 501 (9th Cir. 1999). The solicitor general stated the question presented on certiorari as follows: May a defendant whose sentence was enhanced under a federal recidivist provision because of prior state convictions that have not been set aside by any court challenge his federal enhanced sentence in federal court under 28 U.S.C. § 2255 based on the claim that the prior state convictions are constitutionally invalid?

The issue presented in the *Daniels* case relates to procedures available to an offender in federal court, other than in the enhanced sentence proceeding, to challenge a prior state conviction. The present case relates to an offender's challenges in a state enhanced sentence proceeding to a prior state conviction. We do not consider *Daniels* so directly related to the present case to require us to withhold our decision pending the decision of the U.S. Supreme Court in *Daniels*.

901

use available procedures other than the enhanced sentence proceeding to challenge a prior conviction.

¶ 23. The *Custis* court presents two justifications based on considerations of judicial administration and federalism to support its constitutional holding that in an enhanced sentence proceeding predicated on a prior conviction the U.S. Constitution requires a trial court to consider an offender's allegations that the prior conviction is invalid only when the challenge to the prior conviction is based on the denial of the offender's constitutional right to a lawyer. *Custis*, 511 U.S. at 496–97.

¶ 24. First, the *Custis* court states that it would be difficult for federal courts to review a multitude of potential constitutional violations in convictions from 50 different states. While *Burgett* focused on the lack of a lawyer, which the U.S. Supreme Court viewed as readily apparent in the record of a conviction, extending *Burgett* to other constitutional violations such as ineffective assistance of counsel would require federal courts to "rummage through frequently nonexistent or difficult to obtain state-court transcripts or records that may date from another era." *Custis*, 511 U.S. at 496.

¶ 25. Although this justification does have merit in the context of state court proceedings, it may not apply with equal force. It is probably easier for a Wisconsin court to review a conviction entered by another Wisconsin court than for a federal court to review a state court conviction. Nevertheless, we conclude that an offender should not be permitted to challenge a prior conviction in an enhanced sentence proceeding predicated on the prior conviction except for an alleged violation of the constitutional right to a lawyer. Administrative difficulties arise when a Wisconsin circuit

court reviews a prior conviction entered by another Wisconsin court; the reviewing court does not have the record of the prior conviction or of post-conviction proceedings. In addition, it seems preferable from an administrative standpoint to require all offenders to use the same procedures to review convictions, irrespective of whether the conviction becomes the basis of an enhanced penalty in a subsequent sentencing procedure.

¶ 26. Second, the *Custis* court justified its holding as promoting finality of judgments. A broad reading of *Burgett*, the U.S. Supreme Court concluded, would "undermine confidence in the integrity of our procedures" by calling into question the finality of prior convictions and by delaying penalty enhancement proceedings. *Custis*, 511 U.S. at 497 (quoting *United States v. Addonizio*, 442 U.S. 178, 184 n.11 (1979)). The U.S. Supreme Court noted that by challenging a previous state court conviction, an offender is asking the federal district court to "deprive [the state-court judgment] of [its] normal force and effect in a proceeding that ha[s] an independent purpose other than to overturn the prior judgmen[t]." *Custis*, 511 U.S. at 497 (quoting *Parke v. Raley*, 506 U.S. 20, 30 (1992)).

¶ 27. The *Custis* court concerns about finality and delay, *Custis*, 511 U.S. at 497, carry weight in the state court context. The process prescribed by *Custis* avoids delay in an enhanced sentence proceeding and prevents an offender from using the proceeding for a tangential purpose.

¶ 28. Although these administrative considerations may weigh differently in different cases, we conclude that considerations of judicial administration favor a bright-line rule that applies to all cases. We therefore hold that a circuit court may not determine

the validity of a prior conviction during an enhanced sentence proceeding predicated on the prior conviction unless the offender alleges that a violation of the constitutional right to a lawyer occurred in the prior conviction. Instead, the offender may use whatever means available under state law to challenge the validity of a prior conviction on other grounds in a forum other than the enhanced sentence proceeding. If successful, the offender may seek to reopen the enhanced sentence.[10] If the offender has no means available under state law to challenge the prior conviction on the merits, because, for example, the courts mever reached the merits of this challenge under *State v. Escalona-Naranjo,* 185 Wis. 2d 168, 517 N.W.2d 157 (1994), or the offender is no longer in custody on the prior conviction, the offender may nevertheless seek to reopen the enhanced sentence. We do not address the appropriate disposition of any such application.

¶ 29.    In sum, the primary holding of *Custis,* to which this court is bound as a matter of federal constitutional law, is that an offender does not have a federal constitutional right to use an enhanced sentence proceeding predicated on a prior conviction as the forum in which to challenge the prior conviction except when the offender alleges that a violation of the constitutional right to a lawyer occurred in the prior conviction. An offender may challenge the validity of a prior conviction on other grounds in a forum other than the

---

[10] We do not address the validity of the 1994 conviction because the defendant's challenge to the 1994 conviction cannot be raised in the enhanced sentence proceeding that is the subject of this appeal. The question of whether the defendant has means available under state law to challenge the 1994 conviction in another proceeding is not before us.

enhanced sentence proceeding by whatever means available under state law. If the offender succeeds, the offender may seek to reopen a sentence imposed as a persistent repeater under Wis. Stat. § 939.62(2m) if that sentence was based on the vacated conviction. Accordingly, we conclude that the defendant in this case does not have a federal constitutional right to use the 1997 enhanced sentence proceeding that was predicated on the 1994 state conviction as the forum in which to challenge the 1994 conviction because the defendant did not assert that a violation of the constitutional right to a lawyer occurred in that prior conviction.

### III

¶ 30.  We also reject the defendant's Eighth Amendment cruel and unusual punishment challenge to his life sentence under Wis. Stat. § 939.62(2m)(b). A statute is presumed constitutional and will be held unconstitutional only if it appears so beyond a reasonable doubt. The burden of establishing unconstitutionality of a statute is on the party attacking its constitutionality. *State v. Borrell*, 167 Wis. 2d 749, 762, 482 N.W.2d 883 (1992).

¶ 31.  The defendant maintains that the gravity of his offense is not proportional to his punishment for several reasons: his sexual assault contact offenses are less serious than sexual intercourse; he is 26 years old so life imprisonment for him amounts to a greater punishment than for an older person; and his sentence is disproportionate to the sentence for a more serious crime such as first-degree intentional homicide.

¶ 32.  Several decisions of the U.S. Supreme Court and this court compel the conclusion that the

application of Wis. Stat. § 939.62(2m) to the defendant does not constitute cruel and unusual punishment.

¶ 33. The first principle of Eighth Amendment jurisprudence established in *Rummel v. Estelle*, 445 U.S. 263, 275–76 (1980), is that judgments about appropriate punishment require subjective line-drawing, which is "properly within the province of legislatures, not courts." The *Rummel* court recognized the validity of a state's "interest, expressed in all recidivist statutes, in dealing in a harsher manner with those who by repeated criminal acts have shown that they are simply incapable of conforming to the norms of· society as established by its criminal law. . . .[T]he point at which a recidivist will be deemed to have demonstrated the necessary propensities and the amount of time that the recidivist will be isolated from society are matters largely within the discretion of the punishing jurisdiction." *Rummel*, 445 U.S. at 276, 284–85.

¶ 34. The Wisconsin legislature has determined that sexual contact is a "serious felony" and that three or more violations of crimes classified as serious felonies merit lifetime imprisonment. *See* Wis. Stat. § 939.62(2m). Forty-seven states and the District of Columbia have enacted persistent repeater statutes, many of which require life sentences upon an offender's third offense. These persistent repeater statutes and the resulting sentences have withstood Eighth Amendment challenges.[11]

---

[11] *See, e.g., United States v. Kaluna*, 192 F.3d 1188, 1199–1200 (9th Cir. 1999) (en banc) (upholding sentence under federal three strikes statute); *McGruder v. Puckett*, 954 F.2d 313, 315–17 (5th Cir. 1992) (upholding life sentence without possibility of parole for habitual offender convicted of stealing beer from a delivery truck); *People v. Mershon*, 874 P.2d 1025,

¶ 35. The defendant asserts that application of Wisconsin's persistent repeater statute to his case imposes punishment grossly disproportionate to the severity of the crime. The U.S. Supreme Court decisions relating to the doctrine of disproportionate sentences in Eighth Amendment jurisprudence are not clear.[12] Nevertheless, the defendant's claim must fail. In *Rummel*, 445 U.S. 263, the U.S. Supreme Court upheld a habitual offender's life sentence without parole based on three non-violent property crimes involving a total of $229.11. In *Harmelin v. Michigan*, 501 U.S. 957 (1991), the U.S. Supreme Court held that a mandatory sentence of life in prison without the possibility of parole for possession of 672 grams of cocaine did not violate the Eighth Amendment.

¶ 36. The case law in Wisconsin reflects a similar pattern. In *State v. Lindsey*, 203 Wis. 2d 423, 554 N.W.2d 215 (Ct. App. 1996), the court of appeals rejected an Eighth Amendment attack on Wis. Stat. § 939.62(2m)(b), the same statute the defendant is attacking. In *Lindsey*, the offender violated the same statutory subsection that the defendant in the present case violated in two of his prior offenses. In *State v. Borrell*, 167 Wis. 2d 749, 777, 484 N.W.2d 883 (1992), this court rejected an Eighth Amendment attack on

1030–35 (Colo. 1994) (en banc) (upholding life sentence without the possibility of parole for selling small amounts of heroin, when all predicate offenses were non-violent); *People v. Dunigan*, 650 N.E.2d 1026, 1031–32 (Ill. 1995) (upholding life sentence without parole based on third sexual assault conviction).

[12] *See, e.g.,* Harvard Law Review Association, *Supreme Court: 1990 Term Leading Cases*, 105 Harv. L. Rev. 245 (1991) (noting that "[t]he fractured *Harmelin* [*v. Michigan*, 501 U.S. 957 (1991)] opinions may be difficult for lower courts to apply").

Wis. Stat. § 973.014 (1987–88), which permitted a circuit court to sentence the offender to life imprisonment with parole eligibility after approximately 35 years for first-degree murder.

¶ 37.  On the basis of these cases and the circumstances of this case, we conclude that application of the persistent repeater statute to the defendant does not violate the Eighth Amendment's prohibition against cruel and unusual punishment.

¶ 38.  For the reasons set forth we affirm the judgment of the circuit court.

*By the Court.*—The judgment of the circuit court is affirmed.