STATE of Wisconsin, Plaintiff-Respondent,

v.

Lawrence P. PETERS, Jr., Defendant-Appellant-Petitioner.

Supreme Court

*No. 99–1940–CR. Oral argument April 12, 2001.—Decided June 28, 2001.*

2001 WI 74

(Also reported in 628 N.W.2d 797.)

For the defendant-appellant-petitioner there were briefs by *Jane Krueger Smith,* Oconto Falls, and oral argument by *Jane Krueger Smith.*

For the plaintiff-respondent the cause was argued by *William L. Gansner*, assistant attorney general, with whom on the brief was *James E. Doyle*, attorney general.

¶ 1. DIANE S. SYKES, J. This case concerns the extent to which a defendant may collaterally attack a prior conviction in a subsequent criminal case where the prior conviction is used to enhance the sentence for the subsequent crime. Earlier this term, in *State v. Hahn*, 2000 WI 118, 238 Wis. 2d 889, 618 N.W.2d 528, we followed *Custis v. United States*, 511 U.S. 485 (1994) and held that a defendant generally may not collaterally attack a prior conviction in a subsequent criminal case where the prior conviction enhances the subsequent sentence. There is an exception, however, for a collateral attack based upon an alleged violation of the defendant's right to counsel. *Hahn*, 238 Wis. 2d at 903–04; *see also Custis*, 511 U.S. at 495–96.

¶ 2. Defendant Lawrence P. Peters, Jr. was charged with fifth offense operating after revocation of license (OAR). In order to prevent the progressively higher penalties that flow from repeat OAR offenses, Peters moved to invalidate his second OAR conviction, alleging that the no contest plea upon which it was

based was entered without counsel by closed-circuit television from the county jail, in violation of his statutory and constitutional rights.

¶ 3. The circuit court entertained the collateral challenge and held that any error related to the closed-circuit television plea was harmless. The court of appeals affirmed, concluding that while the defendant's statutory procedural rights had been violated, no constitutional violation requiring reversal had occurred. *State v. Peters*, 2000 WI App 154, ¶ 10, 237 Wis. 2d 741, 615 N.W.2d 655.

¶ 4. We view this case as falling within the right-to-counsel exception to the general rule against collateral attacks on prior convictions. We hold that Peters may, in the context of this prosecution for fifth offense OAR, collaterally challenge his second OAR conviction, because the no contest plea upon which it was based was entered without counsel. We do not address the defendant's challenge to the constitutionality of closed-circuit television guilty or no contest pleas. We reverse and remand for consideration of whether Peters knowingly and voluntarily waived his right to counsel before pleading no contest to second offense OAR.

I

¶ 5. The facts are undisputed. On April 14, 1999, Peters was cited for fifth offense OAR contrary to Wis. Stat. § 343.44(1).[1] Peters moved to invalidate his second OAR conviction in an effort to prevent its use for penalty enhancement purposes in the fifth offense prosecution.

---

[1] All statutory references are to the 1995–96 edition, unless otherwise indicated.

¶ 6. Peters' second offense OAR conviction was entered in Shawano County Circuit Court on April 4, 1996, at an initial appearance conducted by the Honorable Earl W. Schmidt, Jr. The prosecutor and the judge were present in the courtroom. Peters, who was incarcerated in the Shawano County Jail, appeared by closed-circuit television without counsel.

¶ 7. The transcript reflects that at the beginning of the initial appearance, the prosecutor offered a plea bargain on the second offense OAR and a companion drunk driving charge. After the prosecutor announced the plea offer, the circuit court addressed Peters briefly about his right to counsel:

> THE COURT: Now, the Court advises you, Mr. Peters, that you have a right to an attorney. If your income and assets are at the level the State Public Defender sets, the State Public Defender would represent you. You may, however, waive your right to an attorney and proceed without one. But if you wish to have an attorney, the Court would take steps for you to go out and get one. Do you wish to have an attorney?
>
> THE DEFENDANT: No, Sir.
>
> THE COURT: You want to proceed without one?
>
> THE DEFENDANT: Yes, Sir.

¶ 8. Peters then entered no contest pleas and was sentenced on the OAR and drunk driving charges, consistent with the plea bargain. He did not directly challenge either conviction by postconviction motion or appeal.

¶ 9. Three years and two OAR convictions later, after receiving his fifth OAR citation and facing the prospect of the enhanced penalties that accompany

repeat OARs, Peters moved to invalidate the 1996 OAR conviction, focusing his argument on alleged statutory and constitutional infirmities in the closed-circuit television proceeding. Peters claimed that his no contest plea, entered without counsel and by "live audio-visual means," violated his right to be present at plea and sentencing and his right to have the court personally address him and to personally address the court. He also claimed that his waiver of counsel was inadequate under *State v. Klessig*, 211 Wis. 2d 194, 201, 564 N.W.2d 716 (1997).

¶ 10.   The circuit court, the Honorable Thomas G. Grover, allowed the collateral challenge but declined to invalidate Peters' 1996 OAR conviction. The court concluded that the plea and sentencing by closed-circuit television "probably" violated statutory procedural requirements, but found the violation harmless. The court also held that because *Klessig* was decided after Peters' 1996 case, the rules it established for waiver of counsel did not apply. The court did not otherwise evaluate the voluntariness of the defendant's waiver of counsel.

¶ 11.   Peters then pled no contest to fifth offense OAR. This time he appealed. *Hahn* had not yet been decided, and so the court of appeals applied *State v. Baker*, 169 Wis. 2d 49, 485 N.W.2d 237 (1992), which held that a defendant may collaterally challenge a prior conviction if the challenge implicates a constitutional right that would affect the reliability of the prior conviction. *Peters*, 237 Wis. 2d at ¶ 6. The court of appeals affirmed, finding a statutory but not a constitutional violation. *Id.*

¶ 12.   The court of appeals concluded that the plea and sentencing by closed-circuit television violated Wis. Stat. § 971.04(1), which guarantees a

defendant's right to be present in the courtroom at arraignment and imposition of sentence (among other points in the criminal process). The court concluded, however, that this statutory violation did not "automatically translate into a constitutional violation." *Id.* at ¶ 10. The court rejected Peters' argument that a no contest plea entered without counsel by closed-circuit television from the county jail is inherently coercive and therefore unreliable. *Id.* at ¶ 13. Instead, the court concluded that because the hearing was otherwise procedurally correct, the statutory violation did not render the 1996 OAR conviction unfair or unreliable. *Id.* We accepted review.

## II

¶ 13.   The threshold question in this case is the extent to which Peters is entitled to collaterally attack his second OAR conviction in this prosecution for fifth offense OAR. This is a question of law that we review de novo. *See State v. Woods*, 117 Wis. 2d 701, 715–16, 345 N.W.2d 457 (1984).

¶ 14.   The court of appeals applied *Baker*, which was limited by our recent decision in *Hahn*. We held in *Hahn* that a defendant generally may not collaterally attack the validity of a prior conviction during an enhanced sentence proceeding predicated on the prior conviction unless the offender alleges a violation of his constitutional right to counsel. *Hahn*, 238 Wis. 2d at 903.

¶ 15.   Our decision in *Hahn* was based upon *Custis*, in which the United States Supreme Court held that a defendant does not have a constitutional right to

collaterally attack a prior conviction used to enhance a subsequent criminal sentence unless he alleges a violation of his right to counsel under *Gideon v. Wainright*, 372 U.S. 335 (1963). *Hahn*, 238 Wis. 2d at ¶ 29; *see also Custis*, 511 U.S. at 496. We noted in *Hahn* that we were "bound as a matter of federal constitutional law" by the primary holding of *Custis*, and that the Supreme Court's concerns about ease of administration and finality of judgments weighed in favor of a bright-line rule against collateral attacks, with the limited exception of right-to-counsel violations. *Hahn*, 238 Wis. 2d at ¶¶ 28–29.

¶ 16.   We noted, however, that a defendant "may use whatever means available under state law to challenge the validity of a prior conviction on other grounds in a forum other than the enhanced sentence proceeding. If successful, the offender may seek to reopen the enhanced sentence." *Id.* That is, a defendant may directly rather than collaterally challenge a prior conviction used to enhance a subsequent sentence, and if successful, apply to the court to have the enhanced sentence adjusted. We added that "[i]f the offender has no means available under state law to challenge the prior conviction on the merits, because, for example, the courts never reached the merits of this challenge under *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994), or the offender is no longer in custody on the prior conviction, the offender may nevertheless seek to reopen the enhanced sentence." *State v. Hahn*, 2001 WI 6, ¶ 2, 241 Wis. 2d 85, 621 N.W.2d 902, *modifying* 2000 WI 118, 238 Wis. 2d 889, 618 N.W.2d 528.

¶ 17.   After oral argument in this case, the United States Supreme Court issued two opinions expanding

the *Custis* bar on collateral challenges to prior convictions used to enhance subsequent sentences. In *Daniels v. United States*, — U.S. —, 121 S.Ct. 1578 (2001), the Supreme Court held that a federal prisoner may not challenge his federal enhanced sentence by postconviction motion under 28 U.S.C. § 2255 on the ground that a prior state conviction was unconstitutionally obtained. In *Lackawanna County District Attorney v. Coss*, — U.S. —, 121 S.Ct. 1567 (2001), the Court held that a state prisoner may not challenge his state enhanced sentence by federal habeas corpus under 28 U.S.C. § 2254 on the ground that a prior state conviction was unconstitutionally obtained. Both decisions maintained the exception, preserved in *Custis*, for alleged right to counsel violations.

¶ 18.    Peters focuses his argument here on the Sixth Amendment and due process implications of conducting a plea and sentencing hearing by closed-circuit television from jail. Whether the defendant is entitled to mount this sort of constitutional challenge to a prior conviction collaterally rather than directly (or at all) depends upon an interpretation of the above-quoted language in *Hahn*, and the influence, if any, of the Supreme Court's recent opinions in *Daniels* and *Lackawanna County*. We do not address this issue, however, because the record reflects an arguable right-to-counsel violation, which is clearly established as an exception to the rule against collateral attacks on prior convictions.

¶ 19.    Peters premised his right-to-counsel argument in the circuit court on an alleged violation of *Klessig*, 211 Wis. 2d at 201. In *Klessig*, we mandated "the use of a colloquy in every case where a defendant seeks to proceed pro se to prove knowing and voluntary

478

waiver of the right to counsel." *Id.* at 206. That is, *Klessig* requires the circuit court to address the defendant personally and specifically:

> [T]o ensure that the defendant: (1) made a deliberate choice to proceed without counsel, (2) was aware of the difficulties and disadvantages of self-representation, (3) was aware of the seriousness of the charge or charges against him, and (4) was aware of the general range of penalties that could have been imposed upon him. . .If the circuit court fails to conduct such a colloquy, a reviewing court may not find, based on the record, that there was a valid waiver of counsel.

*Id.*

¶ 20.  The circuit court properly noted that *Klessig* had not yet been decided when Peters waived counsel and was convicted of second offense OAR in 1996, and therefore the specific four-part colloquy was not required. The circuit court did not, however, go on to evaluate whether Peters' waiver of counsel was valid under the law prevailing at the time.

¶ 21.  In *Pickens v. State*, 96 Wis. 2d 549, 563–64, 292 N.W.2d 601 (1980), we held that:

> [I]n order for an accused's waiver of his right to counsel to be valid, the record must reflect not only his deliberate choice to proceed without counsel, but also his awareness of the difficulties and disadvantages of self-representation, the seriousness of the charge or charges he is facing and the general range of possible penalties that may be imposed if he is found guilty. Unless the record reveals the defendant's deliberate choice and his awareness of these facts, a knowing and voluntary waiver [of counsel] will not be found.

*Pickens* required an examination of the totality of the record in order to determine the validity of a waiver of counsel. We do not have a complete record before us on the 1996 OAR conviction and therefore cannot determine the validity of Peters' waiver of counsel under *Pickens*.

■

¶ 22.  Accordingly, because this prosecution for fifth offense OAR is predicated in part on a prior OAR conviction that was obtained when Peters was not represented by counsel, we conclude that it falls within the right-to-counsel exception to the general rule against collateral attacks on prior convictions used to enhance subsequent penalties. We reverse and remand to the circuit court for consideration of whether the record in the 1996 case reflects a knowing and voluntary waiver of counsel under *Pickens*.

*By the Court.*—The decision of the court of appeals is reversed and the cause is remanded to the circuit court.