State of Wisconsin, Plaintiff-Respondent,
v.
John R. Calkins, Defendant-Appellant.
No. 03-2578-CR.
Court of Appeals of Wisconsin.
Opinion Filed: May 19, 2004.
¶1 ANDERSON, P.J.[1]
John R. Calkins contends that his current conviction for operating while intoxicated cannot be enhanced by a prior conviction that is invalid because he did not knowingly, voluntarily and intelligently waive his right to counsel in the prior proceeding. However, the record conclusively establishes that Calkins did knowingly, voluntarily and intelligently waive his right to counsel and we affirm.
¶2 Calkins was charged in Kenosha county with his third offense operating a motor vehicle while intoxicated (OWI) in violation of WIS. STAT. § 346.63(1)(a). The criminal complaint alleged two prior convictions for OWI or operating with a prohibited alcohol concentration (PAC) in Walworth county: February 9, 1994, and May 30, 1995. Calkins filed a motion collaterally challenging the 1995 conviction, claiming that the Walworth county trial court failed to conduct a colloquy with him that made him aware of the difficulties and disadvantages of self-representation; therefore, he did not knowingly, intelligently and voluntarily waive his right to counsel. The trial court denied his motion and a motion for reconsideration. Calkins then entered a guilty plea to the third offense OWI and was sentenced by the court.[2]
¶3 Calkins now appeals the denial of his collateral challenge to his second OWI conviction.
¶4 The State agrees Calkins may collaterally attack his May 30, 1995 conviction on the ground that he did not have counsel and did not knowingly, voluntarily and intelligently waive that right. However, the State contends that he did validly waive that right. Resolution of this issue requires the application of a constitutional standard to undisputed facts and that is a question of law which we review de novo. State v. Foust, 214 Wis. 2d 568, 571-72, 570 N.W.2d 905 (Ct. App. 1997).
¶5 In State v. Peters, 2001 WI 74, 244 Wis. 2d 470, 628 N.W.2d 797, the supreme court affirmed its recent holding in State v. Hahn, 2000 WI 118, 238 Wis. 2d 889, 618 N.W.2d 528, that a defendant may not collaterally attack a prior conviction in a subsequent criminal case where the prior conviction enhances the subsequent sentence, except where the attack is based on an alleged violation of the defendant's right to counsel. It then addressed whether Peters had established that he did not knowingly, voluntarily and intelligently waive his right to counsel in the prior proceeding. In doing so, the court explained that it would not evaluate Peters' claim under the standard set forth in State v. Klessig, 211 Wis. 2d 194, 564 N.W.2d 716 (1997), because that case had not been decided when Peters entered his plea in the prior proceeding. Peters, 244 Wis. 2d 470, ¶20. Instead, the court evaluated Peters' claim under Pickens v. State, 96 Wis. 2d 549, 563-64, 292 N.W.2d 601 (1980), overruled by State v. Klessig, 211 Wis. 2d 194, 564 N.W.2d 716 (1997), because that was the prevailing law at the time Peters entered that plea. Peters, 244 Wis. 2d 470, ¶21.
¶6 We conclude that the standard in Pickens, not Klessig, is the proper one to apply to Calkins' May 30, 1995 waiver of counsel. When "collaterally attacking" a prior conviction under this exception, the defendant has the initial burden of coming forward with evidence to make a prima facie showing of a deprivation of his or her constitutional right at the prior proceeding. State v. Baker, 169 Wis. 2d 49, 77, 485 N.W.2d 237 (1992). If the defendant makes a prima facie showing, "the state must overcome the presumption against waiver of counsel and prove that the defendant knowingly, voluntarily, and intelligently waived the right to counsel in the prior proceeding." Id. Whether a party has met its burden of establishing a prima facie case is a question of law that we decide de novo. State v. Hansen, 168 Wis. 2d 749, 755, 485 N.W.2d 74 (Ct. App. 1992). The Pickens standard, the Peters court noted, requires an examination of the totality of the record to determine the validity of the waiver of counsel. Peters, 244 Wis. 2d 470, ¶21.
¶7 In support of his collateral attack, Calkins offered the sentencing transcript from his May 30, 1995 conviction. The first lines of that transcript dispose of his attack.
[PROSECUTOR]: John Calkins.
[JOHN CALKINS]: Your honor, can I approach?
THE COURT: Hold it. Well, all right, just a minute.
Yeah, we had formerly had a waiver of right to an attorney. Is there an agreement now? (Emphasis added.)
Calkins has not filed any other transcript involving his May 30, 1995 conviction.
¶8 Calkins has failed to make a prima facie showing that the trial court did not conduct a proper waiver of the right to counsel colloquy by not filing the transcript where that colloquy occurred. See Baker, 169 Wis. 2d at 77. Where there is a missing transcript, we must assume at that hearing, the trial court conducted a proper colloquy under Pickens with Calkins. See Duhame v. Duhame, 154 Wis. 2d 258, 269, 453 N.W.2d 149 (Ct. App. 1989). We affirm because the record irrefutably establishes that Calkins did knowingly, voluntarily and intelligently waive his right to counsel in the prior proceeding.[3]
By the Court.  Judgment affirmed.
NOTES
[1] This is a one-judge appeal pursuant to WIS. STAT. § 752.31(2)(g) (2001-02). All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] Citing to State v. Riekkoff, 112 Wis. 2d 119, 123, 332 N.W.2d 744 (1983), the State contends that by pleading guilty Calkins waived his right to appeal the trial court's denial of his collateral attack on his prior conviction. Whether a guilty plea waives an appeal of a denial of a challenge to a prior conviction used solely to enhance a sentence is an open question in Wisconsin that we do not choose to address in this appeal. See State v. Peters, 2001 WI 74, ¶¶10-11, 244 Wis. 2d 470, 628 N.W.2d 797 (Peters entered a plea of "no contest" to fifth offense operating after revocation and then appeals a denial of a collateral challenge to a prior conviction and the supreme court considers the merits of the appeal.). The guilty-plea-waiver rule is one of administration and in our discretion we opt to address Calkins' challenge because it was fully litigated in the trial court. See State v. Lasky, 2002 WI App 126, ¶13, 254 Wis. 2d 789, 646 N.W.2d 53.
[3] Since Calkins has failed to carry his initial burden of presenting evidence to make a prima facie case for deprivation of his constitutional right to counsel in a prior proceeding, we do not address whether Iowa v. Tovar, 124 S. Ct. 1379 (2004), is applicable to the facts in this case.