State of Wisconsin, Plaintiff-Respondent,
v.
Edward G. Verkuilen, Defendant-Appellant.
No. 03-1942-CR.
Court of Appeals of Wisconsin.
Opinion Filed: September 8, 2004.
Before Cane, C.J., Hoover, P.J., and Peterson, J.
¶1 PER CURIAM.
Edward Verkuilen appeals a judgment convicting him of fifth-offense driving while intoxicated and an order denying his postconviction motion in which he requested that the sentence be reduced to the maximum allowed for fourth-offense drunk driving. He contends that his 1998 conviction based on a no-contest plea should not be used to enhance his present sentence because his waiver of counsel was invalid for two reasons: (1) the trial court did not inform him of the difficulties and disadvantages of selfrepresentation; and (2) he was not adequately informed of the range of penalties the court could impose.[1] The State concedes that the colloquy for the 1998 waiver of counsel was not adequate under the standards set out in State v. Klessig, 211 Wis. 2d 194, 206-07, 564 N.W.2d 716 (1997). However, the State argues and we agree, however, that it met its burden of proving that Verkuilen's waiver of counsel was knowing, intelligent and voluntary despite the defective colloquy.
¶2 A valid waiver of counsel requires that a defendant know the difficulties and disadvantages of self-representation. Id. at 221. The information the court must provide varies according to the defendant's education or sophistication, the complexity of the charge and the stage of the proceeding. See Iowa v. Tovar, 124 S. Ct. 1379, 1387 (2004). The defendant should be aware of the purposes a lawyer can serve at the particular stage of the proceedings in question, and what assistance the attorney could provide to an accused at that stage. Id. at 1388.
¶3 The primary role of counsel in a no-contest plea consists of determining whether there is any defense and whether the plea agreement benefits his client. Verkuilen's postconviction testimony establishes his understanding of that role. Because Verkuilen was not required to perform more difficult tasks such as jury selection, contemporaneous objection, investigating or presenting evidence, it was not necessary for the trial court to further explain the difficulties of self-representation before taking his no-contest plea.
¶4 At Verkuilen's initial appearance for the 1998 charge, he stated that he wanted to talk with an attorney because he did not know how to defend himself. Verkuilen had an extensive criminal history and had always been represented by counsel in his previous cases. At his postconviction hearing, Verkuilen acknowledged that he knew in 1998 that attorneys have special knowledge, education and training that they use to help their clients. He indicated that he "knew what lawyers do." Verkuilen's knowledge of what lawyers do and how their specialized training allows them to help their clients necessarily establishes that he also appreciated the disadvantage of proceeding without counsel.
¶5 A valid waiver of counsel also requires that the defendant "was aware of the general range of penalties" that could have been imposed. Klessig, 211 Wis. 2d at 206. Verkuilen admits that he knew the maximum penalty, but alleges that he believed the minimum penalty was forty days in jail, the sentence the prosecutor recommended. A forty-day sentence was the minimum recommended under the guidelines at that time, but the minimum allowed by statute was thirty days.
¶6 Verkuilen argues that his misunderstanding of the minimum sentence invalidates his waiver of counsel. That argument fails for two reasons. First, a valid waiver of counsel requires only awareness of the "general range" of penalties. Knowledge of the maximum penalty coupled with a possible ten-day discrepancy regarding the minimum penalty meets that standard, particularly when the defendant overstates the minimum. Second, any confusion regarding the minimum penalty appears entirely unrelated to Verkuilen's decision to proceed without counsel. Defects other than the waiver of counsel cannot be used to collaterally attack earlier convictions in an enhanced sentencing proceeding. See State v. Hahn, 2000 WI 118, ¶4, 238 Wis. 2d 889, 618 N.W.2d 528. The record discloses no basis for believing Verkuilen would have retained counsel if he had known that the minimum statutory penalty was ten days less than the minimum guideline penalty recommended by the prosecutor.
By the Court.  Judgment and order affirmed.
NOTES
[1] The trial court concluded that Verkuilen waived the issue by failing to raise it before sentencing. It then reviewed whether Verkuilen's trial counsel was ineffective for failing to raise the objection and concluded that Verkuilen was not prejudiced because the collateral attack on the earlier conviction would not have been successful. We need not review the questions of waiver or effective assistance of counsel because we conclude that the State proved Verkuilen knew the dangers and disadvantages of self-representation and the general range of penalties.