STATE of Wisconsin, Plaintiff-Appellant,

v.

Gary J. KNAPP, Defendant-Respondent.

Court of Appeals

*No. 2007AP1582–CR. Submitted on memoranda September 28, 2007.—Decided November 29, 2007.*

**2007 WI App 273**

(Also reported in 743 N.W.2d 481.)

On behalf of the plaintiff-appellant, the cause was submitted on the memorandum of *Paul W. Humphrey*, assistant district attorney, and *Gregory M. Weber*, assistant attorney general.

On behalf of the defendant-respondent, the cause was submitted by *Cory C. Chirafisi* of *Chirafisi Law Office, Inc.*, Madison.

Before Dykman, Vergeront and Bridge, JJ.

¶ 1. PER CURIAM. The State of Wisconsin has filed a notice of appeal seeking review of an order granting Gary Knapp's motion to collaterally attack a prior operating while intoxicated (OWI) conviction. The effect of the order is to reduce the charge Knapp is currently facing from OWI-3rd to OWI-2nd. We asked the parties to brief whether the State has an appeal as of right in this situation pursuant to WIS. STAT. § 974.05(1) (2005–06).[1] After reviewing the parties' memoranda, we conclude that the State cannot appeal as of right and therefore dismiss the appeal for lack of jurisdiction.

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

¶ 2. A defendant may collaterally attack a prior conviction to prevent its use as a penalty enhancer when the prior conviction was obtained in violation of the defendant's right to counsel. *State v. Hahn*, 2000 WI 118, ¶¶ 28–29, 238 Wis. 2d 889, 618 N.W.2d 528. An order granting such a collateral attack motion is interlocutory in nature so long as the underlying criminal proceeding is ongoing. *See generally Pasch v. DOR*, 58 Wis. 2d 346, 354, 206 N.W.2d 157 (1973) ("An order has been defined as interlocutory when the substantial rights of the parties involved in the action remain undetermined and when the cause is retained for further action.").

¶ 3. Ordinarily, appeals as of right may be taken only from final judgments and orders, while appeals from interlocutory orders require permission from this court. *See* Wis. Stat. § 808.03(1) and (2); Wis. Stat. Rule 809.50. However, Wis. Stat. § 974.05(1)(d) authorizes the State to appeal certain types of interlocutory decisions in criminal cases as a matter of right. Specifically, that section allows the State to appeal from any order which has the effect of:

1. Quashing an arrest warrant;

2. Suppressing evidence; or

3. Suppressing a confession or admission.

*Id.* The Wisconsin Supreme Court has interpreted § 974.05(1)(d) to encompass "any pretrial order that bars the admission of evidence which might 'normally' determine the successful outcome of the prosecution." *State v. Eichman*, 155 Wis. 2d 552, 563, 456 N.W.2d 143 (1990).

¶ 4. The State argues that the order barring it from using a prior OWI conviction to establish that the charge in this case is a third offense prevents the

845

successful prosecution of the current charge within the meaning of *Eichman*. We disagree.

¶ 5. First, unlike a collateral challenge that would reduce an OWI charge from a fourth or greater offense to a third or lesser offense, the reduced number of prior convictions at issue here will not change the applicable prohibited alcohol level. *See* WIS. STAT. § 340.01(46m) (defining a "prohibited alcohol concentration" as 0.08 for a person with two or less prior convictions and as 0.02 for a person with three or more prior convictions). Therefore, this is not a situation in which the circuit court's ruling would require the State to present any different evidence at trial regarding the defendant's actual level of intoxication. Second, the State does not argue that the prior convictions themselves would be admissible. *See State v. Alexander*, 214 Wis. 2d 628, 634, 571 N.W.2d 662 (1997) (probative value of stipulated status offenses was outweighed by danger of unfair prejudice).

¶ 6. In short, the circuit court's order would not bar the admission of any evidence at trial. The information about prior convictions would come in at sentencing only to enhance the potential penalty under WIS. STAT. § 346.65(2)(am). Contrary to the State's contention, we are not persuaded that the application of a penalty enhancer affects the "successful outcome of the prosecution" any more than would the imposition of a particular sentence. Rather, we understand that phrase to refer merely to attaining a conviction.

¶ 7. Because the collateral attack on Knapp's prior OWI conviction would not affect the State's ability to attain a conviction here, where the applicable prohibited alcohol concentration would remain the same under either a second or third offense, we conclude that

the State has no appeal as of right under WIS. STAT. § 974.05(1)(d). We further conclude that we lack jurisdiction over the appeal under WIS. STAT. § 808.03(1) and WIS. STAT. RULE 809.10(4) because the order appealed from is not final. The proper mechanism to seek immediate review in these circumstances is by leave to appeal under WIS. STAT. RULE 809.50.[2] Accordingly, we hereby dismiss the appeal for lack of jurisdiction.

*By the Court.*—Appeal dismissed.

[2] In its jurisdictional memoranda, the State asks us to construe its notice of appeal as a petition for leave to appeal in the event that we decline jurisdiction over the appeal. For logistical reasons, we conclude that it makes more sense to construe the State's memoranda as its petition for leave, and we do so by separate order.