■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILES WEST, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered June 24, 1988, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant was indicted for promoting prison contraband in the first degree. He pleaded guilty to the reduced charge of attempted promoting prison contraband in the first degree. He was sentenced as a second felony offender to a prison term of 1½ to 3 years.

On this appeal, defendant challenges the procedure by which he was found guilty as a second felony offender. The sentencing minutes indicate that the statutory procedure for determining whether a defendant is a second felony offender (CPL 400.21) was followed. A second felony information was filed. After being asked whether he wished to controvert the alleged predicate felony conviction, defendant, through his counsel, admitted the validity of the predicate felony conviction, indicated that it was being appealed but the grounds thereof were unknown to him, waived his rights to a hearing and elected to go forward with the sentencing.

Defendant now contends that his statements regarding the appeal of the predicate felony conviction sufficiently raised the question of the unconstitutionality of his prior conviction. We disagree. The record indicates otherwise. Defendant, who was represented by counsel, declined the opportunity for a hearing, thus obviating a need for it (CPL 400.21 [4]). Before a court is required to hold a hearing, a defendant must allege and prove facts with reasonable specificity that the felony conviction was unconstitutionally obtained. No such showing was made here. Defendant was properly sentenced as a second felony offender *(see, People v Collins,* 100 AD2d 691).

Weiss, P. J., Yesawich Jr. and Levine, JJ., concur. Ordered that the judgment is affirmed.