■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER B. ROBARE, JR., Appellant. [640 NYS2d 639] —Spain, J. Appeal from a judgment of the County Court of Clinton County (Lewis, J.), rendered January 9, 1995, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the third degree.

In April 1994, defendant was involved in an altercation with his father, threatening him with a rifle and shooting over his head to get him to desist from beating defendant's stepmother. As a result, defendant was indicted on charges of second degree menacing, second degree reckless endangerment and criminal possession of a weapon in the third and fourth degrees. Defendant thereafter pleaded guilty to the lesser included offense of attempted criminal possession of a weapon in the third degree. He was sentenced as a second felony offender to a term of $1\frac{1}{2}$ to 3 years' incarceration.

Defendant appeals on the ground that he was improperly sentenced as a second felony offender because defense counsel advised County Court at sentencing that, while defendant conceded that he had been convicted of attempted sodomy in the first degree in 1983, he was currently challenging the constitutionality of that prior felony conviction in Federal court. This statement was not enough, by itself, to vitiate defendant's sentence as a second felony offender. Once the People established defendant's prior conviction, the burden was upon defendant to allege and prove before the sentencing court the facts underlying his conclusory claim that his prior conviction was unconstitutionally obtained (*see*, CPL 400.21 [7] [a], [b]; *see also*, *People v Harris*, 61 NY2d 9, 15; *People v Jensen*, 163 AD2d 420, *lv denied* 76 NY2d 940); this defendant failed to do, despite County Court's inquiries regarding his claims. In the absence of any substantiation of defendant's claim of unconstitutionality, his sentence as a second felony offender was appropriate (*see*, *People v Anderson*, 100 AD2d 937).

Defendant's contention that the Clinton County District Attorney's office should have been disqualified from prosecuting him on conflict of interest grounds is similarly without merit. While the District Attorney did represent defendant upon the appeal of his 1983 conviction to the Appellate Division, there is no connection between that appeal and the instant case except that the 1983 conviction is the basis for treating defendant as a second felony offender. These cases were not "the same or * * * substantially related" (Code of Professional Responsibility DR 5-108 [A] [1] [22 NYCRR 1200.27 (a) (1)]), nor is there any indication that defendant's case was prejudiced by the District Attorney's appearance as his appellate counsel 10 years prior to his current conviction (*see*, Code of Professional Responsibility DR 5-102 [22 NYCRR 1200.21]). Accordingly, there was no justification for the disqualification of the District Attorney under the circumstances of this case (*see*, *Johnson v Collins*, 210 AD2d 68, 70).

We have examined defendant's remaining contentions and find them to be without merit.

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the judgment is affirmed.