■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL DAVID MARTIN, Appellant. [770 NYS2d 541]—

Appeal from a judgment of Ontario County Court (Reed, J.), entered September 20, 2002, convicting defendant upon his plea of guilty of burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]). We reject the contention of defendant that County Court erred in denying his motion for the appointment of a special prosecutor. Defendant sought that relief on the ground that the Assistant District Attorney assigned to prosecute defendant had served as defendant's assigned counsel in a juvenile delinquency proceeding several years earlier. Defendant alleged in support of the motion that the Assistant District Attorney told the court and defense counsel about the "really bad" home environment defendant had endured and referred to defendant as a "panty thief." "[T]he District Attorney is a constitutional officer chosen by the electors of a county . . . and charged by statute with the duty of conducting 'all prosecutions for crimes and offenses cognizable by the courts of the county for which [he or she] shall have been elected' " (*Matter of Schumer v Holtzman*, 60 NY2d 46, 50 [1983]). "The courts, as a general rule, should remove a public prosecutor only to protect a defendant from actual prejudice arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence" (*id.* at 55). The fact that the Assistant District Attorney previously represented defendant is not necessarily determinative (*see id.*). Here, there was a significant period of time between the past representation and the instant action and no direct connection between the two cases, nor does it appear that defendant's case herein was prejudiced by the Assistant District Attorney's prior representation of defendant (*see People v Robare*, 226 AD2d 837, 838 [1996]; *People v Tyler*, 209 AD2d 1028, 1029 [1994], *lv denied* 85 NY2d 915 [1995]). Moreover, we note that the presentence investigation report contains all of the information allegedly imparted to the court by the Assistant District Attorney, in even greater detail. Present—Green, J.P., Scudder, Gorski, Lawton and Hayes, JJ.