■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD W. TORTURICA, Appellant. (Appeal No. 1.) [803 NYS2d 459]—Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Jefferson County Court (Lee Clary, J.), dated November 21, 1995. The order denied defendant's CPL 440.10 motion to vacate the judgment in appeal No. 2.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD W. TORTURICA, Appellant. (Appeal No. 2.) [805 NYS2d 750]—

Appeal from a judgment of the Jefferson County Court (Lee Clary, J.), rendered March 8, 1991. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and petit larceny.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from an order denying his CPL 440.10 motion to vacate the judgment in appeal No. 2 and, in appeal No. 2, he appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and petit larceny (§ 155.25). Defendant contends that County Court erred in denying his motion to disqualify the District Attorney's office because the victim's boyfriend is related to an employee of that office. We reject that contention inasmuch as defendant failed to establish "actual prejudice arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence" (*Matter of Schumer v Holtzman*, 60 NY2d 46, 55 [1983]; *see People v Martin*, 2 AD3d 1336, 1337 [2003], *lv denied* 1 NY3d 630 [2004]). We reject defendant's further contention that reversal is required based on the court's charge with respect to circumstantial evidence. Although the court failed to use the words "moral certainty," the court otherwise properly instructed the jury with respect to the burden of proof in this circumstantial evidence case (*see People v Sanchez*, 61 NY2d 1022, 1024 [1984]). The contention of defendant concerning prosecutorial misconduct on summation is not preserved for our review (*see* CPL 470.05 [2]) and, in any event, we reject his contention that he was deprived of a fair trial by prosecutorial misconduct (*see People v Rubin*, 101 AD2d 71, 78 [1984], *lv denied* 63 NY2d 711 [1984]). Contrary to defendant's further contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Finally, defendant received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). We have considered defendant's remaining contention and conclude that it is without merit. Present—Green, J.P., Gorski, Smith, Lawton and Hayes, JJ.