The People of the State of New York, Respondent, v William M. Bradigan, Appellant. [875 NYS2d 719]—

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered May 10, 2007. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of grand larceny in the second degree (Penal Law § 155.40 [1]). Defendant contends in his pro se supplemental brief that the appeal must be "voided" and the case remitted for "prosecut[ion] through another District Attorney" because defense counsel was elected District Attorney of the county in which defendant was prosecuted before the notice of appeal was filed. We reject that contention. " 'The courts, as a general rule, should remove a public prosecutor only to protect a defendant from actual prejudice arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence' " (*People v Martin*, 2 AD3d 1336, 1337 [2003], *lv denied* 1 NY3d 630 [2004], quoting *Matter of Schumer v Holtzman*, 60 NY2d 46, 55 [1983]). Here, defendant fails to allege that he was actually prejudiced by any conflict of interest of the newly-elected District Attorney and, on the record before us, there is no indication of a substantial risk of an abuse of confidence. Defendant further contends that he was denied effective assistance of appellate counsel. Although that contention may be raised on direct appeal from a judgment of conviction when it is based on an adequate record (*see People v McKinney*, 302 AD2d 993, 995 [2003]), here defendant's contention involves matters that are dehors the record on appeal and is therefore not reviewable on direct appeal (*see generally People v Casey*, 37 AD3d 1113, 1117 [2007], *lv denied* 8 NY3d 983 [2007]). Finally, the sentence is not unduly harsh or severe. Present—Centra, J.P., Peradotto, Carni, Green and Pine, JJ.