■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN D. PROVENCHER, Appellant. [898 NYS2d 330]—

Lahtinen, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered September 17, 2007, convicting defendant upon his plea of guilty of the crime of attempted grand larceny in the third degree.

Defendant waived indictment and pleaded guilty to a superior court information charging him with attempted grand larceny in the third degree. Pursuant to the plea agreement, defendant agreed to be sentenced as a second felony offender to a prison term of 2 to 4 years, with the sentence to run concurrently with a sentence imposed in Albany County. Although County Court initially denied defendant's request that his sentencing be stayed and sentenced him pursuant to the plea agreement, the court later vacated the sentence pending the outcome of a CPL article 440 motion filed by defendant in Albany County. Following the denial of that motion, defendant was subsequently resentenced as promised, and he now appeals.

Defendant contends that County Court improperly sentenced him as a second felony offender without conducting a hearing pursuant to CPL 400.21. We disagree. The People submitted evidence that defendant had been convicted of a felony in 2006, a point conceded by defendant at the plea hearing. At the sentencing hearing, defendant informed the court that he was challenging the constitutionality of the 2006 conviction. However, defense counsel then stated that the challenge to the prior conviction need not be addressed by the court, as it was the subject of the CPL article 440 motion pending in Albany County pursuant to him being sentenced for a conviction there as a second felony offender based upon the same 2006 conviction, and requested only that sentencing be stayed until the motion was decided. As defendant declined the opportunity to be heard before the court on his challenge to his prior conviction, a hearing pursuant to CPL 400.21 was not necessary (see People v West, 181 AD2d 945 [1992]). Further, although defendant later informed the court at his resentencing hearing that he was appealing in federal court the denial of the CPL article 440 motion challenging his prior conviction and requested that sentencing again be stayed pending the outcome, he failed to allege before

the court any facts supporting his challenge to the 2006 conviction that would warrant a hearing. Accordingly, defendant's sentencing as a second felony offender without a hearing pursuant to CPL 400.21 was appropriate (*see People v Robare*, 226 AD2d 837, 838 [1996]; *People v Boomer*, 187 AD2d 659, 661 [1992], *lv denied* 81 NY2d 882 [1993]; *see also People v Konstantinides*, 14 NY3d 1, 14-15 [2009]).

Mercure, J.P., Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.