STATE of Wisconsin, Plaintiff-Respondent,

v.

Joseph J. HAMMILL, Defendant-Appellant.†

Court of Appeals

*No. 2005AP2560–CR. Submitted on briefs April 10, 2006.*
*—Decided May 2, 2006.*

2006 WI App 128

(Also reported in 718 N.W.2d 747.)

† Petition to review denied 11-6-06.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Patrick J. Stangl* of *Stangl Law Offices, S.C.*, Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Peggy A. Lautenschalger*, attorney general, and *Juan B. Colas*, assistant attorney general.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J. Joseph Hammill appeals a judgment convicting him of operating a motor vehicle while under the influence of an intoxicant (OWI), fifth offense, and an order denying his postconviction motion. Hammill argues: (1) the circuit court erroneously counted for penalty enhancement purposes a prior Barron County OWI conviction in which he was deprived of his constitutional right to counsel; (2) his trial counsel was ineffective by arguing the wrong legal standard regarding his collateral attack to the Barron County conviction; and (3) the circuit court erroneously counted a prior Village of Cameron OWI conviction for penalty enhancement purposes because the Village did not have jurisdiction to convict him. We conclude: (1) Hammill failed to make a prima facie case that his right to counsel was violated in the Barron County case and, therefore, the court properly counted the conviction; (2) Hammill has not demonstrated he was prejudiced by his trial counsel's alleged error and, therefore, has not established ineffective assistance; and (3) because Hammill may only attack his prior OWI convictions based on an allegation of a right to counsel deprivation, his

collateral attack on the Village of Cameron conviction for lack of jurisdiction fails. We affirm the judgment and order.[1]

## BACKGROUND

¶ 2. On September 2, 2003, Hammill was cited for OWI and operating a motor vehicle with a prohibited alcohol concentration, both as fifth offenses. A jury trial was held, and the jury found Hammill guilty of both charges.

¶ 3. Hammill challenged the number of prior convictions that could properly be counted for sentence enhancement purposes, and an evidentiary hearing was held. Hammill contended his conviction in Barron County case No. 1992CT63 could not be counted. The court reporter could not produce a transcript of the plea hearing in that case because the reporter's notes had been destroyed; however, a minute sheet was produced that indicated "defendant waived counsel." Hammill testified that he did not believe he was advised of his rights to a jury trial, to the presumption of innocence, to have each element of the offense proved beyond a reasonable doubt or to have a unanimous verdict of twelve jurors. On cross-examination, Hammill testified that he had no memory of being arrested for or being in court for the Barron County case. He likewise did not remember waiving his right to counsel in the case. The judge's clerk in the Barron County case testified regarding the judge's plea colloquy practices, but conceded she

---

[1] Because we affirm on the merits, we do not address the State's alternative argument that judicial estoppel bars Hammill from attacking any but his most recent OWI conviction. *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663 (1938) (only dispositive issues need be addressed).

did not specifically remember Hammill's plea hearing in that case. The circuit court found the State had proved beyond a reasonable doubt that Hammill had waived his right to counsel in the Barron County case and, therefore, the conviction counted.

¶ 4. Hammill also challenged a Village of Cameron conviction,[2] arguing the conviction was void and thus could not be counted. He contended that he had two OWI-first offense charges pending at the same time, he entered his plea to the Eau Claire County case first and, therefore, the court lacked jurisdiction to convict him of the Village of Cameron OWI-first. The court rejected Hammill's arguments and proceeded to convict and sentence him for OWI-fifth.

¶ 5. Hammill moved for postconviction relief, arguing counsel was ineffective for, among other things, arguing the wrong legal standard under which the court should have examined the validity of Hammill's plea in the Barron County case. The court denied Hamill's motion.

## DISCUSSION

### Barron County Conviction

¶ 6. A defendant may collaterally attack a prior conviction in an enhanced sentence proceeding only on the ground that the defendant was denied the constitutional right to counsel. *State v. Hahn*, 2001 WI 118, ¶ 25, 238 Wis. 2d 889, 618 N.W.2d 528. To succeed, the defendant must bring forth evidence to make a prima facie showing that the defendant was deprived of the

---

[2] The conviction for the Village of Cameron offense was actually entered in Barron County Circuit Court. For clarity, we refer to the conviction as the Village of Cameron conviction throughout this opinion.

constitutional right to counsel. *State v. Ernst*, 2005 WI 107, ¶ 2, 283 Wis. 2d 300, 669 N.W.2d 92. Whether the defendant made the prima facie showing is a question of law that we review independently. *Id.*, ¶ 10. If the defendant makes the prima facie showing, the burden shifts to the State to prove the defendant knowingly, voluntarily, and intelligently waived the right to counsel in the prior proceeding. *Id.*, ¶ 2.

■

¶ 7. Hammill argues that he made a prima facie showing that he did not knowingly and voluntarily waive his right to counsel. Hammill's argument focuses on distinguishing his case from our decision in *State v. Stockland*, 2003 WI App 177, 266 Wis. 2d 549, 668 N.W.2d 810. In *Stockland*, the defendant collaterally attacked a prior OWI conviction. However, Stockland only produced a partial transcript of his plea colloquy. That partial transcript indicated that the circuit court had explained rights to all defendants assembled in court the day of Stockland's plea. When Stockland entered his plea, the court reaffirmed that Stockland had heard the court explain his rights earlier and that Stockland understood those rights and wished to proceed with his plea. Because Stockland failed to produce the transcript of the en masse colloquy earlier in the day, we concluded that Stockland did not make a prima facie showing. *Id.*, ¶ 26.

■

¶ 8. Hammill attempted, but was unable, to procure a transcript due to the destruction of the court reporter's notes.[3] For this reason, we do not conclude, as

---

[3] Chapter 72 of the Supreme Court Rules dictates the minimum retention time for court records. Specifically, SCR 72.01(47) provides:

we did in *Stockland*, that the mere absence of a transcript defeats Hammill's collateral attack. However, Hammill still carries the burden of making a prima facie showing. Our supreme court explained:

> For there to be a valid collateral attack, we require the defendant to point to facts that demonstrate that he or she "did not know or understand the information which should have been provided" in the previous proceeding and, thus, did not knowingly, intelligently, and voluntarily waive his or her right to counsel. Any claim of a violation on a collateral attack that does not detail such facts will fail.

*Ernst*, 283 Wis. 2d 300, ¶ 25 (citations omitted).

¶ 9. The only remaining facts Hammill points to in order to make his prima facie showing are those contained in his testimony at the evidentiary hearing.[4] Hammill was asked on direct examination whether he remembered the judge advising him of his right to a trial, to which he responded, "I don't believe he did." Regarding the presumption of innocence, Hammill said, "I don't believe he did on that one." Hammill stated he was not "offer[ed]" the right to a unanimous verdict by a twelve-person jury, testifying "I know that for sure." He remembered being advised of the right to remain

Court reporter notes. Verbatim stenographic, shorthand, audio or video notes produced by a court reporter or any other verbatim record of in-court proceedings: 10 years after the hearing.

[4] In his arguments that he made a prima facie case, Hammill also relies on the minute sheet from the plea hearing in the Barron County case. He contends he proved he was without counsel because the minute sheet states "defendant waives counsel." However, the minute sheet was introduced by the State, not Hammill, and is therefore irrelevant to whether Hammill met his prima facie burden. But even if we were to consider the minute sheet, we would reach the same conclusion.

silent, but not the right to confront his accusers. Hammill did not think the judge had said anything about the State's burden of proof.

¶ 10. On cross-examination, as relevant to the challenged Barron County conviction, the following exchange occurred:

> Q. [Y]ou don't recall anything about being in court on May 13th, '92?
>
> A. No.
>
> Q. Is that a fair statement?
>
> A. Yes.
>
> Q. You don't remember what was said with the Judge, what was said back and forth, because it's too long ago?
>
> A. Yeah.
>
> . . . .
>
> Q. My question to you is do you recall giving up your right to an attorney, or do you not recall that?
>
> A. I do not recall that on this one that you're talking about here.
>
> Q. Is it an accurate statement for me to say that as you sit here today under oath you simply don't recall whether or not you gave up your right to an attorney because it's been so long ago you don't know specifically what was said? Is that fair?
>
> A. Well, I can't remember what was said. That's fair, I guess, if I understand you correctly.

Hammill further testified on cross-examination that he did not remember being arrested for a subsequent OWI

in the fall of 1992 or having a jury trial on that charge in January of 1993. However, he indicated the name of his counsel in that case did "ring a bell."

¶ 11. On this record, we conclude Hammill has failed to make a prima facie showing that he did not knowingly and voluntarily waive counsel. His testimony does not contain facts demonstrating he did not know or understand information that should have been provided to him. *See Ernst*, 283 Wis. 2d 300, ¶ 25. Rather, Hammill simply does not remember what occurred at his plea hearing. Having failed to make a prima facie showing, Hammill's collateral attack fails.

*Ineffective Assistance of Counsel*

¶ 12. Hammill argues he was denied the effective assistance of trial counsel. Our review of an ineffective assistance claim presents a mixed question of fact and law. *State v. Erickson*, 227 Wis. 2d 758, 768, 596 N.W.2d 749 (1999). We do not disturb the circuit court's findings of fact unless they are clearly erroneous. *Id.* Whether the attorney's conduct amounts to ineffective assistance is a question of law that we review independently. *Id.*

¶ 13. To establish ineffective assistance of counsel, a defendant must show both that trial counsel's performance was deficient and that the deficiency was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). Performance is deficient if it falls outside the range of professionally competent representation. *State v. Pitsch*, 124 Wis. 2d 628, 636, 369 N.W.2d 711 (1985). Prejudice requires more than just a showing of a conceivable effect on the outcome of the trial. *Erickson*,

227 Wis. 2d at 773. Rather, the defendant must allege facts establishing that, but for the attorney's deficient performance, there was a reasonable probability of a different outcome. *Id.* If an appellant fails to establish one prong of the analysis, we need not address the other. *State v. Reed*, 2002 WI App 209, ¶ 14, 256 Wis. 2d 1019, 650 N.W.2d 885.

¶ 14. Hammill contends counsel was deficient by arguing the Barron County waiver of counsel colloquy was insufficient under the standard of *State v. Bangert*, 131 Wis. 2d 246, 260–262, 389 N.W.2d 12 (1986), rather that the "more exacting" standard of *Pickens v. State*, 96 Wis. 2d 549, 292 N.W.2d 601 (1980). Assuming without deciding that the *Pickens* standard is, indeed, "more exacting" and therefore counsel erred by arguing *Bangert*, we conclude Hammill has failed to demonstrate prejudice from counsel's alleged error. Hammill argues that, but for counsel's error, the court would not have counted the Barron County conviction for sentence enhancement purposes. However, the *Pickens* standard was argued at the postconviction stage and the court nonetheless found a proper waiver. It is therefore unlikely that counsel arguing *Pickens* rather than *Bangert* at the initial hearing would have changed the outcome. *See Erickson*, 227 Wis. 2d at 773.

*Village of Cameron Conviction*

¶ 15. Hammill argues the circuit court erred by counting a Village of Cameron conviction. Hammill was arrested in that case for OWI-first on January 1, 1991. On January 28, Hammill was arrested for OWI in Eau Claire, which was also charged as a first offense. Ham-

mill pled to both OWI-first cases on the same day, with the Eau Claire conviction occurring first. Hammill asserts that the Village of Cameron charge was an OWI-second and that a municipal court does not have subject matter jurisdiction over a second or subsequent OWI charge, citing *County of Walworth v. Rohner*, 108 Wis. 2d 713, 722, 324 N.W.2d 682 (1982). Hammill then contends that, because the court lacked subject matter jurisdiction, the conviction is a nullity and cannot be counted for penalty enhancement purposes in this case.

¶ 16. The State responds that Hammill's challenge to the Village of Cameron conviction is barred by *Hahn*. *Hahn* established "a bright-line rule that applies to all cases" for attacking the validity of a prior conviction during an enhanced sentence proceeding based on the prior conviction. *Hahn*, 238 Wis. 2d 889, ¶ 28. *Hahn* held:

> [A] circuit court may not determine the validity of a prior conviction during an enhanced sentence proceeding predicated on the prior conviction unless the offender alleges that a violation of the constitutional right to a lawyer occurred in the prior conviction. Instead, the offender may use whatever means available under state law to challenge the validity of a prior conviction on other grounds in a forum other than the enhanced sentence proceeding.

*Id.* Because Hammill's challenge to the Village of Cameron conviction is not grounded on an alleged violation of his right to counsel, the State argues, Hammill may not collaterally attack the Village of Cameron conviction based on a lack of subject matter jurisdiction.

¶ 17. Hammill replies that *Hahn* did not specifically address whether a void judgment could be used to enhance a sentence. We disagree. *Hahn* is a broad, bright-line rule. Since Hammill's challenge to his Vil-

lage of Cameron conviction is not based on the denial of his right to counsel, the challenge is barred by *Hahn*.

*By the Court.*—Judgment and order affirmed.