COURT OF APPEALS
DECISION
DATED AND FILED

December 15, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.      **2019AP997-CR**

Cir. Ct. No.  **2018CT26**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

---

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

JEFFREY R. LINDAHL,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for St. Croix County: EDWARD F. VLACK III, Judge. *Affirmed*.

¶1      SEIDL, J.[1]  Jeffrey Lindahl appeals a judgment of conviction, entered upon his guilty plea, to third-offense operating a motor vehicle while intoxicated (OWI).  He asserts the circuit court erred by denying his motion to

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2017-18).  All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

collaterally attack his 2006 second-offense OWI conviction. Lindahl was represented by counsel during his 2006 proceedings, but he argues his constitutional right to counsel was violated because his attorney provided ineffective assistance. We affirm.

## BACKGROUND

¶2 In 2018, Lindahl was arrested and charged in the instant case with third-offense OWI. He moved to collaterally attack his 2006 second-offense OWI conviction, seeking to prevent its use to enhance the penalties for sentencing purposes in this case. Lindahl argued his counsel provided ineffective assistance during the 2006 case by failing to challenge the lawfulness of the traffic stop with a motion to suppress evidence. As a result, he contended his constitutional right to counsel was violated. In support of his collateral attack motion, Lindahl averred that had he "been aware of any grounds or arguments for the suppression of evidence, … [he] would not have entered a plea of other than not guilty [sic]."

¶3 After holding a hearing on Lindahl's motion, the circuit court entered a written decision and order denying his motion. Relying on *Custis v. United States*, 511 U.S. 485 (1994), and *State v. Hahn*, 2000 WI 118, 238 Wis. 2d 889, 618 N.W.2d 528, *modified on denial of reconsideration*, 2001 WI 6, 241 Wis. 2d 85, 621 N.W.2d 902, the court concluded that "Lindahl cannot collaterally attack, in this forum, his 2006 conviction based on alleged ineffective trial counsel." Lindahl subsequently pleaded guilty to third-offense OWI, and he now appeals.

## DISCUSSION

¶4      Defendants may attack a prior conviction in an enhanced sentence proceeding only on the ground that they were denied the constitutional right to counsel in their prior case.  ***State v. Hammill***, 2006 WI App 128, ¶6, 293 Wis. 2d 654, 718 N.W.2d 747 (citing ***Hahn***, 238 Wis. 2d 889, ¶25).  They must first make a prima facie showing that they were deprived of their constitutional right to counsel, which is a question of law that we review independent of the circuit court. ***Id.***

¶5      Lindahl argues our supreme court's holding in ***Hahn*** permits him to collaterally attack his 2006 conviction.  We disagree because Lindahl misreads ***Hahn*** and ignores ***Custis***, a United States Supreme Court case upon which ***Hahn*** relies.

¶6      In ***Custis***, the defendant asserted ineffective assistance of counsel in challenging the validity of a prior state conviction that was used in his federal enhanced sentence proceeding under the Armed Career Criminal Act.  ***Custis***, 511 U.S. at 494, 496.  The Court rejected the defendant's argument.  ***Id.*** at 496-97.  It held that a criminal defendant does not have a federal constitutional right to use an enhanced sentence proceeding predicated on a prior conviction as the forum in which to challenge the prior conviction except when the defendant alleges that a violation of the constitutional right to a lawyer occurred in the prior case.  ***Id.*** at 496.

¶7      Relying on ***Custis***, our supreme court in ***Hahn*** subsequently created a bright-line rule for enhanced sentence proceedings in Wisconsin.  ***Hahn***, 238 Wis. 2d 889, ¶¶28-29.  It first reaffirmed ***Custis***'s primary holding described

above, to which our supreme court is bound "as a matter of federal constitutional law." *Id.*, ¶29. The *Hahn* court then concluded that,

> as a matter of judicial administration, … an offender may not use the enhanced sentence proceeding predicated on a prior conviction as the forum in which to challenge the prior conviction, except when the offender alleges that a violation of the constitutional right to a lawyer occurred in the prior state conviction.

*Id.*, ¶4. The court further held:

> Instead, the offender may use whatever means available under state law to challenge the validity of a prior conviction on other grounds in a forum other than the enhanced sentence proceeding. If successful, the offender may seek to reopen the enhanced sentence. If the offender has no means available under state law to challenge the prior conviction on the merits, because, for example, the courts never reached the merits of this challenge under *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994), or the offender is no longer in custody on the prior conviction, the offender may nevertheless seek to reopen the enhanced sentence.

*Hahn*, 238 Wis. 2d 889, ¶28 (footnote omitted), *as modified by* 241 Wis. 2d 85, ¶2.

¶8      Lindahl first argues that *Hahn* allows an attack of a prior conviction in an enhanced sentencing proceeding based on the denial of his right to effective assistance of counsel. He is mistaken. *Hahn* relies on *Custis*, which makes it clear that as a matter of federal constitutional law, an offender's ineffective assistance of counsel claim cannot be used to attack a prior conviction in an enhanced sentence proceeding. *See Custis*, 511 U.S. at 494, 496. Thus, when *Hahn* and its progeny state that in Wisconsin "a circuit court may not determine the validity of a prior conviction during an enhanced sentence proceeding predicated on the prior conviction unless the offender alleges that a violation of

4

the constitutional right to a lawyer occurred in the prior conviction," they plainly exclude a collateral attack premised on an alleged denial of the effective assistance of counsel. *See Hahn*, 238 Wis. 2d 889, ¶28; *see also State v. Ernst*, 2005 WI 107, ¶22, 283 Wis. 2d 300, 699 N.W.2d 92; *Hammill*, 293 Wis. 2d 654, ¶16.

¶9 Additionally, Lindahl contends *Hahn* created an "exception to the general rule" that applies to his circumstances. He observes that the deadline has long elapsed for him to directly appeal his 2006 conviction. As a result, Lindahl maintains that he must be allowed to attack his 2006 conviction because he "has no means available under state law to challenge [his] prior conviction on the merits" and "is no longer in custody on [his] prior conviction." *See Hahn*, 238 Wis. 2d 889, ¶28, *as modified by* 241 Wis. 2d 85, ¶2.

¶10 We reject Lindahl's argument because he misreads *Hahn*. Lindahl cites to paragraph twenty-eight of *Hahn* for support of his argument, but, critically, he ignores a key phrase in that paragraph. The third sentence states that an "offender may use whatever means available under state law to challenge the validity of a prior conviction on other grounds *in a forum other than the enhanced sentence proceeding.*" *Id.* (emphasis added). Accordingly, under *Hahn*, Lindahl cannot attack his 2006 conviction in the present proceedings unless he argues there was a violation of his constitutional right to counsel in his 2006 case because the forum he chose to do so is an enhanced sentence proceeding. Under these circumstances, it is irrelevant that Lindahl has no means available under state law to challenge his prior conviction on its merits and is no longer in custody on his prior conviction. The circuit court therefore properly applied *Hahn* and denied Lindahl's collateral attack motion.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.